## SMITH *v.* JEFTS.

In an action for breach of the covenant against incumbrances, the plaintiff is entitled to recover at least nominal damages, although the mortgage which existed at the time of the conveyance was discharged by the covenantor before the action was commenced.

COVENANT BROKEN. Writ dated April 20, 1861. October 21, 1856, the defendant conveyed a tract of land to the plaintiff, with full covenants of warranty, and at that time the land was subject to a mortgage, with other property, from one Andrews to one

Thayer, to secure $2,000. August 27, 1857, Thayer quitclaimed the land to Andrews. August 4, 1856, Andrews conveyed his interest to the defendant by warranty deed.

October 17, 1855, Thayer deeded to Andrews, and Andrews gave back a mortgage, which mortgage is the incumbrance complained of. The incumbrance existed at the time the plaintiff received the warrantee deed from the defendant, but did not exist at the commencement of this suit. The plaintiff upon this case claims nominal damages. The court is to render judgment unless the plaintiff shall claim actual damages upon other facts than those here stated, in which case this case is to be discharged.

*Morrison, Stanley & Clark,* for the plaintiff, cited *Prescott* v. *Freeman,* 4 Mass. 627; *Wyman* v. *Bullard,* 12 Mass. 303; *Tufts* v. *Adams,* 8 Pick. 547; *Clark* v. *Swift,* 3 Met. 390.

*Eastman & Cross,* for the defendant, cited *Bickford* v. *Page,* 2 Mass. 455; *Prescott* v. *Freeman,* 4 Mass. 627; *Thayer* v. *Clemence,* 22 Pick. 493; *Clark* v. *Swift,* 3 Met. 393.

BELLOWS, J. Assuming that there was a covenant against incumbrances, as an implication from the statement that the conveyance was with full covenants of warranty, the question simply is, whether, as the incumbrance which existed at the time of the conveyance was extinguished by the defendant, or his grantor, before the commencement of this suit, the plaintiff is entitled to recover any thing.

This covenant, being *in presenti,* was broken as soon as it was made, and a right of action at once arose to the plaintiff to recover such damages as he sustained. If he extinguished the incumbrance by the payment of a reasonable sum, he might add that to his damages, even though paid after the commencement of his suit; but if not extinguished at the time of the assessment of the damages, he could not so add the amount, but would be entitled to nominal damages only. *Osgood* v. *Osgood,* 39 N. H. 209; *Wilson* v. *Wilson,* 25 N. H. 235; *Brooks* v. *Moody,* 20 Pick. 474; *Thayer* v. *Clemence,* 22 Pick. 493; *Clark* v. *Swift,* 3 Met. 390; 4 Kent. Com. 471, 472; 2 Wash. R. P. 649. The right of action, then, was perfect in the plaintiff immediately on the delivery of the deed, and the subsequent extinguishment of the incumbrance by either party could only affect the damages, and not the right of action. This is apparent from the fact that there might be other grounds of claim for actual damages beside the amount paid to extinguish the incumbrance; such as being deprived for a time of the use of the land.

There must, then, be

*Judgment for the plaintiff for nominal damages.*